UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEVIN J. KEEN, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                    Defendant. | Case No. 15-cv-01806-WHO<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 45 |

On October 16, 2015, I issued an order granting defendant JPMorgan Chase Bank, N.A. ("Chase")'s motion to dismiss for failure to state a claim and dismissing plaintiffs' first amended complaint without leave to amend. Dkt. No. 43 ("Dismissal Order"). On October 19, 2015, plaintiffs filed a motion for reconsideration, arguing that the Dismissal Order constituted clear error. Dkt. No. 45 ("Mot.").

Reconsideration under Federal Rule of Civil Procedure 59(e) is appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.* Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). Accordingly, the rule may not be used to raise evidence or argument for the first time that "could reasonably have been raised earlier in the litigation." *Id.*

Reconsideration is not warranted here. Plaintiffs contend that "the main reason" the Dismissal Order constituted clear error is that it failed to account for the following statement from the official interpretation of 12 C.F.R. § 1026.17(c)(1): "If the consumer and creditor informally

agree to a modification of the legal obligation, the modification should not be reflected in the disclosures unless it rises to the level of a change in the terms of the legal obligation." 12 C.F.R. Pt. 1026, Supp. I, Part 2, Subpart C, Paragraph 17(c)(1). Plaintiffs cited this same statement in their brief in opposition to Chase's motion to dismiss, *see* Dkt. No. 36 at 10, and their reliance on the statement is no more persuasive now than it was then.

They argue that in light of the statement, "the mere fact that [Chase] possibly somehow 'informally agree[d]' . . . to never use the 365/360 method still provides no defense to [the] present claim that [Chase] nonetheless always had to make TILA disclosures based on the 365/360 method." Mot. at 2-3. This argument misconstrues the Dismissal Order. I did not hold that plaintiffs' claim fails because Chase "'informally agree[d]'. . . to never use the 365/360 method." Rather, I held that the claim fails because plaintiffs had not identified any authority requiring Chase to disclose the finance charge they would hypothetically incur under the 365/360 method in the event that Chase were to apply it, where there was no allegation that Chase either applied the 365/360 method or intended to apply it. *See* Dismissal Order at 1, 5-10. That plaintiffs specifically alleged that Chase had stated that it "would never enforce" their loan in this manner did not help their case. But that allegation was far from dispositive. The official interpretation of 12 C.F.R. § 1026.17(c)(1) does not transform plaintiffs' theory into a viable claim for relief.

Plaintiffs express concern that the Dismissal Order establishes a general "who-actually-does-what-to-whom" defense for TILA defendants. *See* Mot. at 4. It is hard to see how this is the case. Plaintiffs forget that they specifically conceded in their first amended complaint that TILA does not require creditors to disclose their "particular method for computing interest," Dkt. No. 30 ¶ 10, and that under 12 C.F.R. § 1026.17(c)(3), "in making calculations and disclosures," a creditor "may disregard the effects of," among other things, "[t]hat months have different numbers of days" and "[t]he occurrence of leap year[s]," 12 C.F.R. § 1026.17(c)(3). Plaintiffs' theory is based on the notion that there is an exception to these general rules that requires a creditor to disclose the effects of applying the 365/360 method to calculate interest, even where the creditor does not in fact apply or intend to apply that method to the loan at issue. The Dismissal Order merely recognizes that neither the official interpretation of 12 C.F.R. § 1026.17(c)(3) – which

2

plaintiffs previously described as the "foundation-stone of the first amended complaint," Dkt. No. 36 at 2 – nor any other authority cited by plaintiffs supports such an exception.

Plaintiffs correctly point out that the authority to issue official interpretations of Regulation Z is now vested in the Consumer Financial Protection Bureau ("CFPB"), not in the Federal Reserve Board as I stated in the Dismissal Order.  *See* Mot. at 2 n.3; *see also Fridman v. NYCB Mortgage Co. LLC*, 780 F.3d 773, 776-77 (7th Cir. 2015); *Robinson v. Carport Sales & Leasing Inc.*, No. 14-cv-01358, 2015 WL 224655, at *3 n.2 (M.D. Fla. Jan. 15, 2015).  But that mistake is not a reason to reconsider the Dismissal Order.  The CFPB adopted the Federal Reserve Board official interpretations "in wholesale form, minus a few technical changes," *Fridman*, 780 F.3d at 776, and the CFPB official interpretation of 12 C.F.R. § 1026.17(c)(3) remains word-for-word identical to the analogous Federal Reserve Board official interpretation, *compare* 12 C.F.R. Pt. 226, Supp. I, Subpart C, Paragraph 17(c)(3) *with* 12 C.F.R. Pt. 1026, Supp. I, Part 2, Subpart C, Paragraph 17(c)(3).  As I stated in the Dismissal Order, "read in context, th[at] interpretation's final sentence is best understood as referring only to circumstances where the creditor's actual practice (or, perhaps, its actual intent) is to use the 365/360 method."  Dismissal Order at 6.

Plaintiffs' other arguments in support of reconsideration, including those in their reply brief filed on October 29, 2015, Dkt. No. 48, also fail to establish clear error or other grounds for reconsidering the Dismissal Order.  Their motion is DENIED.

**IT IS SO ORDERED**.

Dated: October 30, 2015



WILLIAM H. ORRICK
United States District Judge